**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **UNITED STATES OF AMERICA,** |
| v. |
| **EDWIN A. HENRIQUEZ,** |
| **Defendant.** |

Criminal No. 08-cr-26 (JDB)

**MEMORANDUM OPINION AND ORDER**

Before the Court is [33] petitioner Edwin Henriquez's motion to correct his sentence under 28 U.S.C. § 2255. For the reasons explained below, Henriquez's motion will be denied.

In mid-January 2008, Henriquez took $30,000 from an associate, Ricky Matos, and pooled it with $10,000 of his own money to purchase cocaine. See Proffer of Evid. [ECF No. 10] ¶ 3. He purchased a plane ticket to Georgia and met with his supplier, exchanging the $40,000 for cocaine, before travelling back toward New York on an Amtrak train. See id. ¶¶ 3–4. Before he could get back, Henriquez was arrested and charged with possession of a mixture containing cocaine with intent to distribute. See Compl. [ECF No. 1]. On February 11, 2008, Henriquez signed an agreement to plead guilty to conspiracy to possess with intent to distribute two kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. See Plea Agreement [ECF No. 9] ¶¶ 1, 5A. The agreement stipulated that Henriquez would have a base offense level of 28, but that he would be eligible for a three-level reduction in the Sentencing Guidelines if he "clearly demonstrate[d] acceptance of responsibility." Id. ¶¶ 5A–B. Henriquez pleaded guilty on February 19, 2008 and was released on his own recognizance. See Min. Entry of Feb. 19, 2008. But he later fled to the Dominican Republic, and the Court issued an arrest warrant on July 16, 2008. See Sentencing

1

Mem. [ECF No. 26] at 6; Warrant for Arrest [ECF No. 17]. After being apprehended in July 2015, Henriquez was extradited to the United States, see Sentencing Mem. at 6, and was sentenced on February 9, 2016 to sixty-eight months' imprisonment, see Judgment [ECF No. 30].

Critically to the instant challenge, at sentencing the Court "used the current guideline manual" in case "the current manual, given changes in the law, is more favorable to the defendant than the guideline manual relevant to the time of the offense would have been." Sentencing Tr. [ECF No. 36] at 4:12–:16. The Court determined that the base offense level was 26, consistent with the plea agreement; that Henriquez was safety valve eligible, for a two-level reduction; but that Henriquez must also receive a two-level increase for obstructing justice by fleeing the country. See id. at 4:20–5:8. Henriquez was "not . . . to be accorded any adjustment for acceptance of responsibility given his flight and long-term avoidance of sentencing." Id. at 5:9–:11. With a final offense level of 26 and no prior criminal history, the Court calculated a guideline range of 68 to 73 months. See id. at 5:14–:23. Defense counsel did not object to this calculation. See id. at 5:24–6:26. But he argued that the Court should sentence below the sixty-month mandatory minimum, in part because, counsel asserted, Henriquez had only acted as "a 'mule'"—a mere transporter of drugs working for a larger drug trafficking organization. See id. at 14:8–:12. However, the Court rejected this argument during final sentencing. Id. at 23:6–:12 ("He arranged for a significant purchase; he was not just a mule. . . . He supplied a significant amount of the funds for the purchase. So, yes, he did some of the transport, which is what we usually think of a mule as doing; but he did a lot more than that."). Henriquez thus received a sixty-eight month sentence, with credit for time served. Id. at 26:15–:17.

Henriquez filed the instant motion to correct his sentence on October 7, 2016. See Mot. to Correct Sentence [ECF No. 33]. In it, Henriquez argues again that he "was a 'mule' who was

acting by instruction from unknown co-conspirators," id. at 2, and that he should receive a mitigating role adjustment to his sentence under Amendment 794 to the Sentencing Guidelines, id. at 2–3. Amendment 794, which clarified the factors a court should consider when determining whether to make such a role adjustment, went into effect on November 1, 2015. See U.S.S.G. App. C amend. 794 (eff. Nov. 1, 2015) (codified at U.S.S.G. § 3B1.2 note 3(C)). Henriquez acknowledges that the Court "applied the version of the Guidelines in effect on the date of [his] sentence," but contends that the Court should "review de novo its application of the Guidelines" and should "consider clarifying amendments retroactively." Mot. to Correct Sentence at 3.

Henriquez styles his claim as a collateral attack under 28 U.S.C. § 2255, the federal habeas statute. However, as the government rightly points out, see Gov't's Opp'n [ECF No. 37] at 6–7, § 2255 is not the proper vehicle for Henriquez's motion. Henriquez cites several cases in which courts have ruled that clarifying amendments to the Sentencing Guidelines can be applied retroactively, and implies that the Court may not have applied Amendment 794 in its original sentencing but should do so now. See Mot. to Correct Sentence at 3–4. These cases are irrelevant here, because the Court employed the then-current Guidelines at Henriquez's sentencing, and Amendment 794 was already in effect at that point. Henriquez, therefore, is essentially asking the Court to recalculate his Guidelines range. But "a non-jurisdictional, non-constitutional error of law will not support a collateral attack under § 2255 'unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."'" United States v. Peterson, 916 F. Supp. 2d 102, 108 (D.D.C. 2013) (citation omitted). "Sentencing Guidelines errors ordinarily are not cognizable on a § 2255 motion," but may be so if they "result[] in a sentence 'in excess of the maximum authorized by law.'" Id. at 108–09. As there was no Guideline calculation error here—much less one that led to an impermissibly long sentence—no

3

§ 2255 action lies.[1]

As Henriquez is pro se, the Court may construe his motion instead as a motion for a sentence modification under 18 U.S.C. § 3582. See Schnitzler v. United States, 761 F.3d 33, 38 (D.C. Cir. 2014) (stating that district courts have an "obligation to construe a pro se plaintiff's filings liberally"). But this will get Henriquez no further than would a § 2255 claim. Section 3582 permits modification if: (1) the Bureau of Prisons moves to reduce a defendant's sentence; (2) Federal Rule of Criminal Procedure 35 or the provisions of 18 U.S.C. § 3742 allow for correction; (3) the original sentence was outside the Guidelines range; or (4) the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(b)–(c). The first three options do not apply to Henriquez.[2] In particular, § 3742 does not offer him relief because his sentence was not the "result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(2). The Court explicitly noted at sentencing that Henriquez was not merely a mule, but rather organized the drug sale at issue and performed many of the acts necessary to further the conspiracy. See Sentencing Tr. at 23. As Henriquez was not "substantially less culpable than the average participant in the criminal activity," U.S.S.G. § 3B1.2 note 3(C), the Court applied the Guidelines correctly in not granting an adjustment. And the final option under § 3582 is unavailable to Henriquez, because his sentencing range has not been lowered subsequent to his sentencing; he was sentenced under a

---

[1] The maximum sentence authorized for Henriquez's offense of conviction is 40 years. See 21 U.S.C. §§ 841(b)(1)(B)(ii), 846. The sixty-eight month sentence Henriquez received is well within this limit.

[2] Federal Rule of Criminal Procedure 35 allows a court to correct a "clear error" in the sentence within 14 days of sentencing, or else to reduce a sentence for substantial assistance to the government upon a government motion. Section 3742, meanwhile, allows a defendant to petition for review of a sentence that is greater than that specified in the applicable Guidelines range, or that was imposed in violation of law, pursuant to an incorrect application of the Guidelines, or for an offense that is not subject to the Guidelines and that is plainly unreasonable. See 18 U.S.C. § 3742(a). Hernandez has not made claims under any of these provisions except, perhaps, to argue that the Court incorrectly applied the Guidelines. Nor has the Bureau of Prisons petitioned for a modification.

version of the Guidelines that already included the clarifying factors added by Amendment 794.

For the foregoing reasons, Henriquez's petition to correct his sentence is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: April 12, 2018